**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-03069-REB

CARRIE LEE C. CARO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 3, 2012, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of arthritis in her right knee; pain in her back, elbow, shoulders, and neck; shortness of breath; and depression. After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

hearing was held on April 8, 2011. At the time of the hearing, plaintiff was 47 years old. She has high school education and past relevant work experience as a cashier, box maker, motel housekeeper, truck driver, waitress, and bartender. She has not engaged in substantial gainful activity since January 1, 2009, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established that plaintiff's degenerative joint disease of her right knee constituted a severe impairment, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. Plaintiff's alleged mental impairment was found non-severe.[2] The ALJ found that plaintiff had the residual functional capacity to perform light work with certain postural, manipulative, and environmental limitations. Based on this finding, the ALJ concluded that plaintiff could perform her past relevant work as a cashier. Alternatively, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that she could perform. He therefore found plaintiff not disabled at both step 4 and step 5 of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous

---

[2] A determination which plaintiff does not challenge in this appeal.

work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work

> in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).[3]  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed

---

[3] Throughout this opinion, although I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred assessing the credibility of her subjective reports of pain, weighing the opinion evidence of record, and failing to include in his hypothetical to the vocational expert all functional limitations supported by the evidence. Finding no such reversible error, I affirm.

Plaintiff argues first that the ALJ misapplied the analysis required by ***Luna v. Bowen***, in which the Tenth Circuit outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

***Musgrave***, 966 F.2d at 1375-76 (citing ***Luna v. Bowen***, 834 F.2d 161, 163-64 (10th Cir. 1987)).  In this regard, plaintiff claims the ALJ improperly discredited her subjective complaints on the ground that they were not substantiated by the evidence of record. (***See*** Tr. 15.)  Essentially, she claims that ***Luna*** precludes the ALJ's consideration of the lack of objective medical findings in assessing her credibility once he has determined that she has a condition capable of producing pain.

Plaintiff's own citation to *Luna* clearly belies this interpretation. *Luna* stands for the proposition that "a lack of objective corroboration of the pain's severity cannot justify *disregarding* those allegations." *Luna*, 834 F.2d at 165 (emphasis added). Nevertheless, the *Luna* court expressly recognized that "the absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain." *Id.* The ALJ therefore was not prohibited from considering the degree to which the evidence, including the objective medical evidence, substantiated plaintiff's subjective reports of pain and functional limitation.

Moreover, in general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). The ALJ here gave clear, specific, legitimate reasons linked to specific evidence in the record for his credibility assessment. (Tr. 14-15.) His determination therefore entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Accordingly, I find no reversible error on that basis.

Plaintiff next argues that the ALJ failed to afford proper weight to the opinion of her treating source, physician's assistant Edward Medina. Mr. Medina actually issued two functional capacity assessments. The first, dated June 18, 2010, was generally consistent with the opinion of consultative examiner, Dr. Benjamin Loveridge, and the ALJ afforded it "significant weight" with the express exception of its suggestion that plaintiff was totally precluded from reaching overhead with the left upper extremity and

its restrictions on standing and walking, which the ALJ found were not consistent with the medical evidence of record.[4]  (Tr. 19.)  On February 23, 2011, Mr. Medina authored a second functional capacity assessment, co-signed by a Dr. John Wheeler, which suggested remarkably more limited functionality on plaintiff's work-related abilities.[5]  The ALJ gave this opinion "no weight," noting that the limitations suggested therein were not supported by any objective evidence showing that plaintiff's condition had worsened appreciably in the eight months since Mr. Medina issued his first opinion.  (Tr. 19).

Plaintiff maintains that the ALJ should have considered whether Mr. Medina's second opinion was entitled to controlling weight and, even if it was not, that he could not reject automatically on that basis alone.  This is an accurate statement of the law, but it has no application to the facts of this case.  The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); **see also Watkins v. Barnhart**, 350 F.3d 1297, 1300 (10th Cir. 2003).  However, Mr. Medina, a physician's assistant, is not considered an "acceptable medical source."  **See Social Security Ruling 06-03p**, 2006 WL 2329939 at *1 (SSA Aug. 9, 2006).  As such, he can neither

---

[4]  Mr. Medina opined that plaintiff could frequently lift up to 10 pounds and occasionally lift up to 20 pounds; that she could sit for two hours at a time for a total of four hours in an eight-hour day, stand for one hour at a time up to one hour a day, and walk for up to one hour at a time up to three hours total in a day; that she would need to change positions and take frequent breaks; and that she could use her right hand frequently for most manipulative requirements except pushing and pulling, which she could do occasionally, but could never use the left hand. (Tr. 309-313.)

[5]  In this opinion, Mr. Medina suggested that plaintiff could sit and stand for no more than twenty minutes at a time, up to four hours in an eight-hour workday; could frequently lift less than 10 pounds and occasionally lift 10 pounds; would need two to three unscheduled breaks of up to five minutes during the work day; and would be absent from work due to symptoms associated with her impairments more than four days per month. (Tr. 416-419.)

issue medical opinions, *see* 20 C.F.R. §404.1527(a)(2), nor be considered a treating source whose opinion must be evaluated to determine whether it is entitled to controlling weight, *see* 20 C.F.R. § 404.1513(d). **See also Social Security Ruling 06-03p**, 2006 WL 2329939 at *2; *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).[6]

The ALJ specifically noted that Mr. Medina was not an acceptable medical source. (*See* Tr. 17.) Nevertheless, he did not reject Mr. Medina's opinions out of hand, but thoroughly discussed them and gave clear, specific, legitimate reasons tied to the evidence of record for the weight he assigned them. (Tr. 19.)[7] *See Watkins*, 350 F.3d at 1301; *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). The evidence more than adequately supports his conclusions that certain of the restrictions imposed by Mr. Medina in his June, 2010, opinion were not supportable on the basis of the medical and other evidence of record and that plaintiff suffered no appreciable deterioration in her condition that would justify the significantly greater restrictions imposed by Mr. Medina in February, 2011. (Tr. 19.) I thus find no reversible error in this regard either. *See White*, 287 F.3d at 907-08.

On a related note, plaintiff suggests that the case must be remanded because

---

[6] Nor does the fact that Dr. Wheeler co-signed the February, 2011, opinion entitle it to greater consideration. There is no evidence suggesting that Dr. Wheeler had any treatment relationship with plaintiff whatsoever. *See* 20 C.F.R. § 404.1502; *Vendetti v. Astrue*, 2010 WL 3516652 at *4 (D. Colo. Aug. 31, 2010).

[7] Plaintiff further suggests the ALJ erred in not giving articulating why he apparently discredited Mr. Medina's June, 2010, opinion, that plaintiff would need "frequent breaks." This statement was given in response to a question predicated on the premise that the restrictions imposed on sitting, standing, and walking did not equal or exceed 8 hours total. The total amount of these activities Mr. Medina suggested plaintiff could perform in fact did total 8 hours, making this restriction inapplicable by its own terms. (*See* Tr. 310.)

the record contains no medical opinion suggesting that plaintiff's impairment is not medically equivalent to a listed impairment.  *See* 20 C.F.R. § 404.1526; **Social Security Ruling 96-6p**, 1996 WL 374180 at *3 (SSA July 2, 1996).  *See also Carbajal v. Astrue*, 2011 WL 2600984 at *2-3 (D. Colo. June 29, 2011).  While plaintiff has adequately stated the law, she has failed to demonstrate how any error in this regard actually prejudiced her substantial rights.  *See Williams v. Chater*, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."); **Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988) (mere fact of error does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence).  She offers neither argument nor evidence to suggest that a finding of equivalence might be warranted in this case, nor attempts to demonstrate that the alleged error at step 3 was not rectified by the ALJ's findings at steps 4 and 5, which were based on the opinion of medical doctor (*see* Tr. 18-19 (discussing opinion of consultative examiner Dr. Benjamin Loveridge)), and which confirm that plaintiff's impairments were not of Listing-level severity, *see Carbajal*, 2011 WL 2600984 at *3 (citing **Fischer–Ross v. Barnhart**, 431 F.3d 729, 733 (10th Cir. 2005)).  Remand is not warranted on this basis.

Plaintiff's final argument – that the ALJ's hypothetical improperly failed to include all limitations supported by the evidence of record, *see Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000) – is premised on the viability of her earlier assignments of error.  As I have found nothing therein to suggest that the ALJ committed any reversible error in assessing plaintiff's functional limitations, I find this contention unavailing as

well.

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 10, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge